# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| HARRY D. GILBERT, | ) | 3:15-cv-00393-MMD-WGC |
| | ) | |
| Plaintiffs, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | March 7, 2016 |
| | ) | |
| KAREN GEDNEY, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:    <u>Katie Lynn Ogden</u>    REPORTER:    <u>        FTR        </u>

COUNSEL FOR PLAINTIFFS: <u>Harry D. Gilbert, In Pro Per (Telephonically)        </u>

COUNSEL FOR DEFENDANT:  <u>John L. Ward                        </u>

**MINUTES OF PROCEEDINGS:  Motion Hearing**

10:01 a.m.  Court convenes.

The court holds today's conference to address Plaintiff's "Request and Order for Inmate Advocate to be Present During Mediation Meeting."  (ECF No. 9).  Defendants filed a response (ECF No. 13) to Plaintiff's motion and Plaintiff replied (ECF No. 16).  The court explains that neither DAG Ward's statements made today nor his filing (ECF No. 13) either implicate Nevada Department of Corrections ("NDOC") involvement in this lawsuit or constitute an appearance by DAG Ward on behalf of NDOC.

The court first explains the general process for early mediation conferences.  The court further informs Plaintiff that the mediator participating in the mediation is impartial to either the Plaintiff or the named Defendants in the case and is more narrowly focused on exploring common ground that may exist between the parties for possible settlement purposes.  The mediator, however, may respond to questions a party may express as to procedural or even substantive components of the case.

Mr. Gilbert states he understands the process for the early mediation conference; however, he reiterates his contentions that, due to his psychological issues, an inmate advocate present during the mediation conference is warranted.  Mr. Gilbert indicates the inmate advocate

Minutes of Proceedings
3:15-cv-00393-MMD-WGC
March 7, 2016

will not make any legal decisions for him, but rather be available to explain what is being addressed and or negotiated during the mediation.

The court and DAG Ward discuss in further detail NDOC administrative regulations regarding "inmate advocates/counsel substitutes" (e.g. AR 707 and AR 722). Additionally, the court and DAG Ward address Fed. R. Civ. P. 17(c) with regard to an inmate-plaintiff's mental competence and the appointment of a "counsel substitute." DAG Ward argues that the Rule 17(c) standards for appointment of a guardian ad litem should apply to whether Plaintiff should be permitted an inmate advocate. The court advises DAG Ward that there is no criteria or standard of mental competence or incompetence specifically addressed in General Order 2014-01, which relates to the court's pro bono program. Nevertheless, the court is not persuaded by the Defendants' argument that in order to appoint an inmate advocate for another inmate, there must be a finding that the inmate requiring an advocate is incompetent (under Rule 17) or incapable of understanding or helping in his or her own litigation.

After hearing from the parties, the court reemphasizes the problems it faces when considering appointment of counsel or, similarly, allowing an advocate (who is not an attorney) to participate in court proceedings. The court comments that, in view of the complaint surviving judicial screening, Mr. Gilbert has shown his ability to articulate his claims in this case.

Therefore, at this time, the court does not find sufficient grounds to support Plaintiff's contentions that an inmate advocate is warranted for the purpose of attending the upcoming early mediation conference. Plaintiff's "Request and Order for Inmate Advocate to be Present During Mediation Meeting" (ECF No. 9) is **DENIED**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule IB 3-1 of the Local Rules of Practice, specific written objections to this Order within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Order is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

///

Minutes of Proceedings
3:15-cv-00393-MMD-WGC
March 7, 2016

      There being no additional matters to address at this time, court adjourns at 10:38 a.m.

**IT IS SO ORDERED.**

                       LANCE S. WILSON, CLERK

                       By: _____/s/_____
                           Katie Lynn Ogden, Deputy Clerk